UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANDREW PETREE, ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:16-CV-0735-G |
| METROPOLITAN LLOYDS | ) | |
| INSURANCE COMPANY OF TEXAS, | ) | |
| ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the plaintiffs, Andrew Petree and Tara Petree ("the Petrees"), to remand this case to the state court from which it was previously removed (docket entry 6). For the reasons set forth below, the motion is denied.

## I.  BACKGROUND

The causes of action in this case arise out of the Petrees' insurance claim for damages -- caused by wind and hail storms -- to their real property. *See* Plaintiffs' Original Petition ("Petition") ¶ 13 (docket entry 1-1). The Petrees submitted a claim for damages to their property under an insurance policy issued by the defendant

Metropolitan Lloyds Insurance Company of Texas ("Metropolitan"). *Id.* ¶¶ 10, 12,

14.  Metropolitan assigned an adjuster, Tailored Adjustment Services, Inc.

("Tailored"), to investigate the plaintiffs' insurance claim. *Id.* ¶¶ 8, 15.

The Petrees assert that Tailored violated numerous provisions of the Texas

Insurance Code. *Id.* ¶¶ 38-43.  Specifically, the Petrees assert that Tailored "failed to

thoroughly investigate the damages" and that the adjusters "were inadequately

trained." *Id.* ¶ 15.  Further, the Petrees allege that Tailored "improperly adjusted" the

Petrees' claim, *id.* ¶ 16, and that Tailored's "estimates resulted in [the Petrees'] claims

for damages being denied," which "caused a delay in [the Petrees'] ability to repair

their property and put them at risk of incurring further problems." *Id.* ¶ 15.

On February 9, 2016, the Petrees filed suit against Metropolitan and Tailored

in the 413th Judicial District Court of Johnson County, Texas, for damages resulting

from the mishandling of their insurance claim and for unfair settlement practices.

Notice of Removal ("Notice") ¶ 1.1 (docket entry 1).  On March 15, 2016,

Metropolitan removed the case to this court, contending that the court has subject

matter jurisdiction because Tailored was improperly joined in the lawsuit to defeat

diversity jurisdiction. *Id.* ¶¶ 2.1-2.4.  On March 24, 2016, the Petrees filed the

instant motion to remand (docket entry 6), to which Metropolitan filed a timely

response (docket entry 13).  The Petrees did not file a timely reply.  The motion is

thus ripe for decision.

- 2 -

The Petrees do not dispute that the amount in controversy exceeds $75,000.

*See generally* Plaintiffs' Motion to Remand and Brief in Support ("Motion") (docket

entry 6).  Therefore, the only issue before the court is whether Tailored was properly

joined as a defendant.

## II.  ANALYSIS

### A.  Legal Standards

#### 1.  *Removal Jurisdiction*

28 U.S.C. § 1441(a) permits the removal of "any civil action brought in a

[s]tate court of which the district courts of the United States have original

jurisdiction."  28 U.S.C. § 1441(a).  The statute allows a defendant to "remove a

state court action to federal court only if the action could have originally been filed in

federal court."  *Anderson v. American Airlines, Inc.*, 2 F.3d 590, 593 (5th Cir. 1993).

However, the removal statute must be strictly construed because "removal jurisdiction

raises significant federalism concerns."  *Willy v. Coastal Corporation*, 855 F.2d 1160,

1164 (5th Cir. 1988); see also *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008).

Therefore, "any doubts concerning removal must be resolved against removal and in

favor of remanding the case back to state court."  *Cross v. Bankers Multiple Line

Insurance Company*, 810 F. Supp. 748, 750 (N.D. Tex. 1992) (Means, J.); see also

*Shamrock Oil & Gas Corporation v. Sheets*, 313 U.S. 100, 108-09 (1941).  The party

seeking removal bears the burden of establishing federal jurisdiction. *Willy*, 855 F.2d at 1164.

There are two principal bases upon which a district court may exercise removal jurisdiction: the existence of a federal question, *see* 28 U.S.C. § 1331, and complete diversity of citizenship among the parties. *See* 28 U.S.C. § 1332. Here, the removing defendants have alleged only diversity of citizenship as a basis for this court's jurisdiction. *See* Notice ¶ 2.1. The court can properly exercise jurisdiction on the basis of diversity of citizenship after removal only if three requirements are met: (1) the parties are of completely diverse citizenship, *see* 28 U.S.C. § 1332(a); (2) none of the properly joined defendants is a citizen of the state in which the case is brought, *see* 28 U.S.C. § 1441(b); and (3) the case involves an amount in controversy of more than $75,000, *see* 28 U.S.C. § 1332(a). In this case, both the plaintiffs, Andrew Petree and Tara Petree, and Tailored are citizens of Texas. *See* Notice ¶ 2.1. However, Metropolitan contends that removal is proper because Tailored was improperly joined in this suit. Notice ¶¶ 2.1-2.4.

## 2. *Improper Joinder*

Even if a defendant has the same citizenship as the plaintiff, a federal court can still exercise removal jurisdiction over an action if the court finds that the plaintiff improperly joined the non-diverse defendant. The Fifth Circuit has recognized two grounds on which a court can find that a defendant was improperly joined: "(1) there

- 4 -

is actual fraud in pleading jurisdictional facts or (2) the plaintiff is unable to establish a cause of action against the nondiverse defendant." *Campbell v. Stone Insurance, Inc.*, 509 F.3d 665, 669 (5th Cir. 2007).

Only the latter ground is at issue here.  To satisfy the second ground for improper joinder, the defendant must demonstrate that "there is *no possibility* of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Illinois Central Railroad Company*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (emphasis added), *cert. denied*, 544 U.S. 992 (2005).

When applying this test, the court does not "determine whether the plaintiff will actually or even probably prevail on the merits of the claim [against the in-state defendant], but look[s] only for a possibility that the plaintiff might do so." *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 308-09 (5th Cir. 2005) (citing *Dodson v. Spiliada Maritime Corporation*, 951 F.2d 40, 42-43 (5th Cir. 1992); *B., Inc. v. Miller Brewing Company*, 663 F.2d 545, 549 (5th Cir. 1981)).  Furthermore, the party seeking removal bears the heavy burden of proving that joinder was improper.  *Smallwood*, 385 F.3d at 574.  This burden requires the trial court to resolve all "contested issues of material fact, and any ambiguity or uncertainty in the controlling state law" in the plaintiff's favor.  *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999).  The

court can only deny the plaintiff's motion for remand if, as a matter of law, there is

absolutely no possibility that the plaintiff can state a valid claim against the non-

diverse defendant in state court.  See *B., Inc.*, 663 F.2d at 554.  If the defendant

cannot prove improper joinder, remand is mandated.  *Smallwood*, 385 F.3d at 575.

To determine whether the Petrees are unable to establish a cause of action

against a non-diverse defendant, the court should "conduct a Rule 12(b)(6)-type

analysis, looking initially at the allegations of the complaint to determine whether the

complaint states a claim under state law against the in-state defendant." *Id.* at 573.

If the complaint survives the analysis, there is generally no improper joinder.  *Id.*

Although there has been some uncertainty as to the pleading standard to be

applied, the Fifth Circuit has most recently held that federal courts should use the

federal court pleading standard when conducting the Rule 12(b)(6)-type analysis of

an improper joinder claim in a motion to remand to determine if the plaintiff has

stated a claim against a nondiverse defendant.  *International Energy Ventures*

*Management, L.L.C. v. United Energy Group, Limited*, 818 F.3d 193, 200 (5th Cir.

2016); see also *Buettner v. USA Gymnastics*, No. 4:16-CV-0157-A, 2016 WL

2918107, at *2 (N.D. Tex. May 18,  2016) (McBryde, J.).

### 3.  *Pleading Standard under Federal Law*

"To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead

'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina*

- 6 -

*Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic*

*Corporation v. Twombly*, 550 U.S. 544, 570 (2007)), *cert. denied*, 552 U.S. 1182

(2008). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not

need detailed factual allegations, a plaintiff's obligation to provide the grounds of his

entitlement to relief requires more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555

(citations, quotation marks, and brackets omitted). "Factual allegations must be

enough to raise a right to relief above the speculative level, on the assumption that all

the allegations in the complaint are true (even if doubtful in fact)." *In re Katrina*

*Canal*, 495 F.3d at 205 (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks

omitted). "The court accepts all well-pleaded facts as true, viewing them in the light

most favorable to the plaintiff." *Id.* (quoting *Martin K. Eby Construction Company, Inc.*

*v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)) (internal quotation

marks omitted).

        The Supreme Court has prescribed a "two-pronged approach" to determine

whether a complaint fails to state a claim under Rule 12(b)(6). See *Ashcroft v. Iqbal*,

556 U.S. 662, 678-79 (2009). The court must "begin by identifying the pleadings

that, because they are no more than conclusions, are not entitled to the assumption

of truth." *Id.* at 679. The court should then assume the veracity of any well-pleaded

allegations and "determine whether they plausibly give rise to an entitlement to

relief." *Id.* The plausibility principle does not convert the Rule 8(a)(2) notice pleading to a "probability requirement," but "a sheer possibility that a defendant has acted unlawfully" will not defeat a motion to dismiss. *Id.* at 678. The plaintiffs must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id.* at 679 (alteration in original) (quoting FED. R. CIV. P. 8(a)(2)). The court, drawing on its judicial experience and common sense, must undertake the "context-specific task" of determining whether the plaintiffs' allegations "nudge" their claims against the defendant "across the line from conceivable to plausible." See *id.* at 679, 683.

### 4. *Liability under Texas Insurance Code*

The Petrees contend -- among other claims -- that Tailored, an insurance adjuster, violated various sections of Chapter 541 of the TEX. INS. CODE. *See* Petition ¶¶ 38-43. Texas law recognizes suits against insurance adjusters in their individual capacities under the TEX. INS. CODE, *see* TEX. INS. CODE § 541.002(2), and the Texas Supreme Court has "specifically held that '[t]he business of insurance includes the investigation and adjustment of claims and losses.'" *Centaurus Unity v. Lexington Insurance Company*, 766 F. Supp. 2d 780, 787 (S.D. Tex. 2011) (quoting *Vail v. Texas*

*Farm Bureau Mutual Insurance Company*, 754 S.W.2d 129, 132 (Tex. 1998)) (other

citation omitted).  The Fifth Circuit has also held that an adjuster who services

insurance policies for an insurer engages in the business of insurance, is subject to the

TEX. INS. CODE, and may be found liable under it.  *Id.* (citing *Gasch v. Hartford*

*Indemnity Company*, 491 F.3d 278, 282 (5th Cir. 2007) (collecting cases holding that

individual adjusters are subject to the TEX. INS. CODE)).

### B.  Application

Metropolitan has met its heavy burden of demonstrating that the Petrees will

not be able to establish a cause of action against Tailored.  Because Texas law

recognizes claims against adjusters like Tailored in their individual capacities under

§ 541.060, the remaining questions are:  (1) whether insurance adjusters can be liable

for the specific TEX. INS. CODE violations alleged in this case; and (2) if so, whether

"there is no reasonable basis for the district court to predict that the [Petrees] might

be able to recover against" Tailored, the non-diverse, in-state defendant, for violations

of Chapter 541 of the TEX. INS. CODE.  See *Smallwood*, 385 F.3d at 573.

This court concludes that insurance adjusters can be liable under the provisions

of the TEX. INS. CODE at issue here.  The Petrees may recover against an adjuster

under § 541.060 for "failing to promptly provide to a policyholder a reasonable

explanation of the basis in the policy" for the denial of her claim, § 541.060(a)(3); for

"failing within a reasonable time to affirm or deny coverage of the claim,"

§ 541.060(a)(4); and for "refusing to pay [a] claim without conducting a reasonable investigation," § 541.060(a)(7)." *Exchange Services, Inc. v. Seneca Insurance Co., Inc.*, No. 3:15-CV-1873-M, 2015 WL 6163383, at *3 (N.D. Tex. Oct. 16, 2015) (Lynn, J.). Further, the Petrees can recover against an adjuster for misrepresenting to plaintiffs a material fact or policy provision relating to coverage at issue [§ 541.060(a)(1)]. *Glidewell v. Safeco Insurance Company of Indiana*, No. 3:15-CV-1099-G, 2015 WL 4868483, at *4-5 (N.D. Tex. Aug. 13, 2015) (Fish, J.).

Having found that an adjuster may be liable under the relevant provisions of § 541.060, the court must determine if the Petrees have alleged sufficient facts to state a claim against Tailored that would survive a Rule 12(b)(6) analysis. *Smallwood*, 385 F.3d at 573; see also *International Energy Ventures Management, L.L.C.*, 818 F.3d at 200. As stated above, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations, quotation marks, and brackets omitted). In this case, the petition does not allege sufficient facts describing actionable conduct by the adjuster and makes only conclusory allegations, including the following:

> 15. Defendant's adjusters were inadequately trained and failed to thoroughly investigate the damages. Defendant's estimates resulted in Plaintiffs' claims for damages being denied. This caused a delay in Plaintiffs' ability to repair

their property and put them at risk of incurring further
problems.

16.  Defendants set about to deny properly covered
damages.  As a result of Defendants' unreasonable
investigation of Plaintiffs' claims, including not providing
full coverage for the damages sustained by Plaintiffs and
thus denying adequate and sufficient payment to Plaintiffs
to repair their property, Plaintiffs' claim was improperly
adjusted.  The mishandling of Plaintiffs' claim has also
caused a delay in their ability to fully repair their property,
which has resulted in additional damages.

Petition ¶¶ 15-16.  These purported factual assertions are conclusory, and they do not

provide the court a reasonable basis to predict that the Petrees can recover against

Tailored.  The Petrees allege that Tailored misrepresented material facts relating to

the coverage at issue, but the Petrees fail to identify a single statement or any specific

misrepresentation made by Tailored that would support a cause of action under

§ 541.060(a)(1).  The Petrees allege that Tailored violated both §§ 541.060(a)(3) and

541.060(a)(4), but they merely recite the elements of the TEX. INS. CODE and offer

no factual support for their assertions.

Further, the Petrees claim that Tailored performed an outcome-oriented

investigation in violation of § 541.060(a)(7), but the Petrees fail to specify any

factual assertions to support their claim.  See *Thomas v. State Farm Lloyds*, No. 3:15-

CV-1937-B, 2015 WL 6751130, at *4 (N.D. Tex. Nov. 4, 2015) (Boyle, J.)

(concluding that the assertion of an outcome-oriented investigation is a mere recital

of the elements of the cause of action).  The Petrees have only pleaded a theoretical

- 11 -

possibility that Tailored could be held liable under these sections.  See *Smallwood*, 385 F.3d at 573 n.9 (holding that pleadings must show more than a "mere theoretical possibility of recovery") (internal quotations omitted).

The Petrees argue that they asserted a cause of action for breach of contract against Tailored.  *See* Motion ¶ 12.  However, the Petrees did not allege a breach of contract claim against Tailored in the original petition, but only alleged a claim for breach of contract against Metropolitan.  *See* Petition ¶¶ 27-28.  Regardless, even if a cause of action for breach of contract could be found in the petition, the Petrees have not alleged sufficient factual assertions that would "nudge[] their claims across the line from conceivable to plausible."  *Twombly*, 550 U.S. at 570.

In response to Metropolitan's notice of removal, the Petrees contend that Metropolitan fails to offer any real evidence to support its argument that the Petrees will be unable to establish a cause of action against Tailored.  Motion ¶ 3.  This is a misstatement of Metropolitan's burden.  Metropolitan does not need to put forth factual support for its claim that Tailored was improperly joined.  As the party attempting to remove the Petrees' action, Metropolitan has the burden of establishing that the Petrees have failed to state a claim against Tailored.  See *International Energy Ventures Management, L.L.C.*, 818 F.3d at 199.  Here, Metropolitan has met this burden because the court concludes that the Petrees have not "pleaded 'enough facts

to state a claim to relief that is plausible on its face.'" *Id*. at 208 (quoting *Twombly*, 550 U.S. at 570).

Because the Petrees will not be able to establish a cause of action against Tailored, this court concludes that joinder of Tailored was improper. Only the claims asserted against Metropolitan remain in the suit. Accordingly, the Petrees' claims against Tailored are dismissed without prejudice. *Id.* at 210. Furthermore, the Petrees' request for an award of fees and costs pursuant to 28 USC § 1447(c) is denied.

## III.  <u>CONCLUSION</u>

For the reasons stated above, the motion to remand is **DENIED** and the Petrees' claims against Tailored are **DISMISSED** without prejudice.

**SO ORDERED**.

June 2, 2016.

_____

**A. JOE FISH**
**Senior United States District Judge**

- 13 -