UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ANDREW PETREE, ET AL.,                ) | |
| ) | |
| Plaintiffs,             ) | |
| ) | CIVIL ACTION NO. |
| VS.                            ) | |
| ) | 3:16-CV-0735-G |
| METROPOLITAN LLOYDS        ) | |
| INSURANCE COMPANY OF TEXAS,  ) | |
| ET AL.,                           ) | |
| ) | |
| Defendants.         ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the plaintiffs' motion to reconsider their motion to remand (docket entry 18). For the reasons stated below, the motion is denied. The court set forth the background of this case in a recent memorandum opinion and order. *See* Memorandum Opinion and Order of June 2, 2016 ("Order") (docket entry 14).

### I. ANALYSIS

#### A. Legal Standard

The plaintiffs have filed a motion for reconsideration of the court's order denying the plaintiffs' motion to remand. The Federal Rules "do not recognize a 'motion for reconsideration'" in those words. *Lavespere v. Niagara Machine & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *cert. denied*, 510 U.S. 859 (1993).

Instead, courts in the Fifth Circuit will treat a so-called motion for reconsideration either as a motion to alter or amend a judgment under Rule 59(e), or as a motion for relief from judgment under Rule 60(b).  *Id.*

When deciding whether such a motion falls under Rule 59(e) or Rule 60(b), the court will look to when the motion was served.  *Id.*  "If the motion is served within [28][*] days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b)."  *Id.*  In this case, because the plaintiffs' motion for reconsideration was filed within 28 days of the order denying their motion to remand, it will be considered a motion to alter or amend a judgment under Rule 59(e).

In order to succeed, "[a] motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued."  *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (internal quotation marks omitted).  Importantly, a "Rule 59(e) motion is not proper to re-litigate matters that have been resolved to the movant's dissatisfaction" and a party cannot attempt to obtain a "second bite at the apple" on issues that were previously addressed by the parties and the court.  *Alvarado v. Texas Rangers*, No. EP-03-CA-0305-FM, 2005 WL 1420846, at

---

[*] In 2009, the time period listed in Rule 59(e) was extended from 10 days to 28 days.  *See* Advisory Committee Notes, 2009 Amendments, FED. R CIV. P. 59(e).

*2 (W.D. Tex. June 14, 2005). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir.), *cert. denied*, 543 U.S. 976 (2004).

### B. Application

The plaintiffs contend that the court erred by applying the federal pleading standard in assessing whether they sufficiently pled a claim against Tailored Adjustment Services, Inc. ("Tailored"). Motion to Reconsider Plaintiffs' Motion to Remand ("Motion to Reconsider") ¶ 2-3 (docket entry 18). They claim that they "were subject to the Notice pleading standard when the Petition was filed in state court in Johnson County, Texas." Motion to Reconsider ¶ 3. However, the court correctly applied the federal pleading standard when it decided whether the non-diverse defendant, Tailored, had been improperly joined because the plaintiffs had failed to state a claim against him. *International Energy Ventures Management, L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 200 (5th Cir. 2016).

In *International Energy Ventures*, 818 F.3d at 200-03, the court held that the 5th Circuit articulated the proper standard in the *en banc* opinion in *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568 (5th Cir. 2004), *cert. denied*, 544 U.S. 992 (2005). In *Smallwood*, 385 F.3d at 573, the Fifth Circuit concluded that "[a] court may resolve the issue in one of two ways," the first of which is at issue here: "The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the

complaint to determine whether the complaint states a claim under state law against the in-state defendant." The court elaborated that "if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id.* The court in *International Energy Ventures*, 818 F.3d at 200, concluded that "[i]t is well-established . . . that the Rule 12(b)(6) analysis necessarily incorporates the *federal* pleading standard articulated in *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)" (emphasis in original). The court in *International Energy Ventures* did not change the standard or introduce a new standard, but merely clarified the law to resolve any uncertainty. See *id.* at 201. Therefore, the federal pleading standard is the proper standard to apply when assessing whether a non-diverse defendant has been improperly joined because the plaintiff has failed to state a claim against him. This court made no manifest error of law in its order denying the plaintiffs' motion to remand.

## II. CONCLUSION

For these reasons, the plaintiffs' motion for reconsideration is **DENIED**.

**SO ORDERED**.

August 8, 2016.

                                          _____
                                          A. JOE FISH
                                          **Senior United States District Judge**