UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

|  |  |  |
|---|---|---|
| ANDREW PETREE, ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:16-CV-0735-G |
| METROPOLITAN LLOYDS | ) | |
| INSURANCE COMPANY OF TEXAS, | ) | |
| ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

The court, on its own motion, herein examines its subject matter jurisdiction in

this case.  For the reasons stated below, this case is remanded to the state court from

which it was removed.  The court set forth the background of this case in a recent

opinion and order.  *See* Memorandum Opinion and Order of June 2, 2016 ("Order")

(docket entry 14).

### I. ANALYSIS

#### A.  Legal Standards

The court may *sua sponte* raise the issue of its jurisdiction at any time during

the course of litigation.  *In re Bass*, 171 F.3d 1016, 1021 (5th Cir. 1999) ("Federal

courts must be assured of their subject matter jurisdiction at all times and may question it *sua sponte* at any stage of judicial proceedings") (emphasis added).

28 U.S.C. § 1441(a) permits the removal of "any civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The statute allows a defendant to "remove a state court action to federal court only if the action could have originally been filed in federal court." *Anderson v. American Airlines, Inc.*, 2 F.3d 590, 593 (5th Cir. 1993). However, the removal statute must be strictly construed because "removal jurisdiction raises significant federalism concerns." *Willy v. Coastal Corporation*, 855 F.2d 1160, 1164 (5th Cir. 1988); see also *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). Therefore, "any doubts concerning removal must be resolved against removal and in favor of remanding the case back to state court." *Cross v. Bankers Multiple Line Insurance Company*, 810 F. Supp. 748, 750 (N.D. Tex. 1992) (Means, J.); see also *Shamrock Oil & Gas Corporation v. Sheets*, 313 U.S. 100, 108-09 (1941). The party seeking removal bears the burden of establishing federal jurisdiction. *Willy*, 855 F.2d at 1164.

There are two principal bases upon which a district court may exercise removal jurisdiction: the existence of a federal question, *see* 28 U.S.C. § 1331, and complete diversity of citizenship among the parties. *See* 28 U.S.C. § 1332. Here, the removing defendant, Metropolitan Lloyds Insurance Company of Texas ("Metropolitan"), has

- 2 -

alleged only diversity of citizenship as a basis for this court's jurisdiction.  *See* Notice
¶ 2.1 (docket entry 1).  The court can properly exercise jurisdiction on the basis of
diversity of citizenship after removal only if three requirements are met:  (1) the
parties are of completely diverse citizenship, *see* 28 U.S.C. § 1332(a); (2) none of the
properly joined defendants is a citizen of the state in which the case is brought, *see* 28
U.S.C. § 1441(b); and (3) the case involves an amount in controversy of more than
$75,000, *see* 28 U.S.C. § 1332(a).

Even if a defendant has the same citizenship as the plaintiff, a federal court can
still exercise removal jurisdiction over an action if the court finds that the plaintiff
improperly joined the non-diverse defendant.  A defendant can satisfy the
requirements for improper joinder by demonstrating that "there is no possibility of
recovery by the plaintiff against an in-state defendant, which stated differently means
that there is no reasonable basis for the district court to predict that the plaintiff
might be able to recover against an in-state defendant."  *Smallwood v. Illinois Central
Railroad Company*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc), *cert. denied*, 544 U.S.
992 (2005).  To determine whether the Petrees are unable to establish a cause of
action against the non-diverse defendant, the court should conduct a Rule 12(b)(6)-
type analysis.  *Id*.  "[T]he Rule 12(b)(6) analysis necessarily incorporates the *federal*
pleading standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

(2007)." *International Energy Ventures Management, L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 200 (5th Cir. 2016) (emphasis in original).

## B. Application

In this case, both the plaintiffs, Andrew Petree and Tara Petree ("the Petrees"), and Tailored Adjustment Services, Inc. ("Tailored"), are citizens of Texas. *See* Notice of Removal ¶ 2.1 (docket entry 1). The court previously denied the Petrees' motion to remand because they failed to state a claim against Tailored in their original petition. *See generally* Order. The court concluded that Metropolitan had met its heavy burden of demonstrating that the Petrees improperly joined Tailored. *Id.* at 9. Since Tailored was improperly joined and not a party to the suit, this court had diversity jurisdiction under 28 U.S.C. § 1332 and denied the Petrees' motion for remand. See generally *id.* The Petrees filed a motion to reconsider the court's order denying their motion to remand (docket entry 18). The court denied their motion to reconsider because it found no manifest error of law or fact or any newly discovered evidence. *See generally* Memorandum Opinion and Order of August 8, 2016 (docket entry 21). The court, however, now assesses whether the Petrees have successfully stated a claim against Tailored in the plaintiffs' first amended complaint ("Amended Complaint") (docket entry 17).

The court need not decide whether the Petrees have sufficiently pleaded each cause of action; rather, if the court finds a reasonable basis to predict they can

potentially recover on any of these causes of action, the court must remand the entire

case. *Smith-Manning v. State Farm Lloyds*, No. 3:13-CV-3056-M, 2013 WL 5637539,

at *2 (N.D. Tex. Oct. 14, 2013) (Lynn, J.) (quoting *Gray ex rel. Rudd v. Beverly

Enterprises-Mississippi, Inc.*, 390 F.3d 400, 412 (5th Cir. 2004) ("[The] holistic

approach to removal mandates that the existence of even a single valid cause of action

against in-state defendants, despite the pleading of several unavailing claims, requires

remand of the entire case to state court.")).

   The court concludes that the Petrees have pleaded a potentially valid claim for

relief against Tailored under the Texas Insurance Code.  The Petrees identify Tailored

as the insurance adjuster and specifically allege that it violated TEX. INS. CODE ANN.

§ 541.060(a)(1) by "misrepresenting to [the Petrees] material facts relating to the

coverage at issue, [which] constitutes an unfair method of competition and an unfair

and deceptive act or practice in the business of insurance."  Amended Complaint

¶ 29.  The Petrees allege that Tailored failed to thoroughly investigate the damages

and "focused exclusively on finding a cause of loss that would be readily excluded

under the [insurance] [p]olicy." *Id.* ¶ 8.  Specifically, they claim that Tailored

"ignored the moisture that was entering the property via the wind driven rain (a

covered cause of loss) and focused exclusively on water that was allegedly entering the

property via groundwater (an excluded loss)." *Id.* ¶ 7.  Under similar factual

circumstances, courts have determined that such allegations are sufficient to state a

claim for a violation of § 541.060(a)(1) under the Texas's notice pleading standard.

See *Glidewell v. Safeco Insurance Company of Indiana*, No. 3:15-CV-1099-G, 2015 WL

4868483, at *4-5 (N.D. Tex. Aug. 13, 2015) (Fish, J.) (listing cases).  Further, in

*Glidewell*, the court concluded that misrepresentations about the facts giving rise to a

claim for coverage can constitute a violation of § 541.060(a)(1).  *Id.* at *5.  Applying

the federal pleading standard in this case, the court concludes that, taking the well-

pleaded facts as true, the Petrees have pleaded factual content that allows the court to

draw the reasonable inference that Tailored is liable for the misconduct alleged.  See

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Some district courts in the Fifth Circuit have held that the heightened pleading

standard under Rule 9(b) governs claims for a violation of § 541.060(a)(1).  *Tracy v.*

*Chubb Lloyds Insurance Company of Texas*, No. 4:12-CV-0042-A, 2012 WL 2477706, at

*8 (N.D. Tex. June 28, 2012) (McBryde, J.); *Khan v. Allstate Fire & Casualty Insurance*

*Company*, No. CIV.A. H-11-2693, 2012 WL 1601302, at *7 (S.D. Tex. May 7,

2012).<sup>*</sup>  However, this court does not need to decide whether Rule 9(b) necessarily

---

<sup>*</sup>        The Fifth Circuit has made clear that Rule 9(b) requires, at a minimum, that a plaintiff set forth in the complaint the "who, what, when, where, and how" of any alleged fraud.  *United States ex rel. Williams v. Bell Helicopter Textron*, 417 F.3d 450, 453 (5th Cir. 2005) (internal quotation marks omitted).  The particularity requirements of Rule 9(b), as the Fifth Circuit applies the Rule, "requir[e] a plaintiff pleading fraud to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent."  *Herrmann Holdings, Ltd. v. Lucent Technologies, Inc.*, 302 F.3d 552, 564-65 (5th Cir. 2002) (internal quotation marks omitted).  In *Williams v.*
(continued...)

applies to a claim alleging a violation of § 541.060(a)(1) because the court concludes that the Petrees have raised enough factual content to satisfy both the Rule 8 standard and the heightened pleading standard under Rule 9(b).  See *United States ex rel. Williams v. Bell Helicopter Textron*, 417 F.3d 450, 453 (5th Cir. 2005) (Rule 9(b) requires, at a minimum, that a plaintiff set forth in the complaint the "who, what, when, where, and how" of any alleged fraud).  The Petrees have satisfied the requirements of Rule 9(b): the who (CJ Buchanan, an employee of Tailored), the what (misrepresenting a portion of the damage), the when ("on or about April 25, 2015"), the where (the Petrees' home), the how (by intentionally ignoring the moisture entering the property via the wind driven rain).  Amended Complaint ¶ 7.

Because the Petrees have stated a potentially viable claim against Tailored, complete diversity -- as required under 28 U.S.C. § 1332 -- is lacking, and this case must be remanded back to the court from which it came.  *See* 28 U.S.C. § 1447(c).

## II.  CONCLUSION

For the reasons stated above, on the court's own motion, this action is **REMANDED** to the **413th Judicial District Court of Johnson County, Texas**.

---

*(...continued)
*WMX Technologies, Inc.*, 112 F.3d 175, 177 (5th Cir.), *cert. denied*, 522 U.S. 966 (1997) (internal quotation marks omitted), the Fifth Circuit explained that "[p]leading fraud with particularity in this circuit requires time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby."

The clerk shall mail a certified copy of this memorandum opinion and order to the district clerk of Johnson County, Texas.  28 U.S.C. § 1447(c).

**SO ORDERED**.

August 9, 2016.

A. JOE FISH
**Senior United States District Judge**